IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAKER PUOK,<br><br>                Petitioner,<br><br>vs.<br><br>DOUGLAS DISTRICT COURT,<br><br>                Respondent. | 4:22CV3201<br><br>**MEMORANDUM AND ORDER** |

    Petitioner filed a Petition for Writ of Habeas Corpus, Filing No. 1, and a Motion for Leave to Proceed in Forma Pauperis, Filing No. 5. Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee. 28 U.S.C. § 1914(a). However, after considering Petitioner's financial status as shown in the records of this Court (*see* inmate trust account statement at Filing No. 7), leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the filing fee. *See* 28 U.S.C. § 1915(a)(1).

    Upon preliminary review of the Petition, the Court finds that the Petition is deficient because Petitioner has not signed it under penalty of perjury.[1] *See, e.g.*, 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    In addition, Petitioner failed to name a proper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the

---

[1] On September 20, 2022, the Clerk of Court advised Petitioner that his Petition was unsigned and therefore deficient. The Clerk of Court directed Petitioner to "correct the deficiency" (i.e., file a signed Petition) within 15 days, or the pleading "may be stricken from the record of this case." Filing No. 4, Text Notice of Deficiency. Petitioner has failed to follow the Clerk of Court's directions.

petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the "Douglas District Court" as Respondent in this matter, which is not the proper respondent.

Based on these deficiencies, Petitioner's petition is deemed insufficient and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed in Forma Pauperis, Filing No. 5, is granted.

2. The pending Petition, Filing No. 1, is deemed insufficient, and the Court will not act upon it.

3. On or before **November 17, 2022**, Petitioner shall submit an amended Petition that is originally signed under penalty of perjury and which names a proper respondent. Petitioner is directed to use the official AO Form 241. Petitioner is warned that the failure to comply with this order may result in dismissal of this case without prejudice and without further notice.

4. The Clerk of Court is directed to send Petitioner a Form AO 241, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, at the address provided by Petitioner in Filing No. 8 and to update Petitioner's address accordingly.

5. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **November 17, 2022**: deadline for Petitioner to submit signed amended petition.

6. No further review of this case will take place until Petitioner complies with this order.

Dated this 18th day of October, 2022.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge